113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
PRIME ONE PARTNERS, CORP., Capital Asset Management, Monarch
Associates International, Ltd., Dennis R. Absher
and Gayle E. Porter, Defendants-Appellants.
 No. 95-56196.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided April 30, 1997.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Prime One Partners et al. appeal summary judgment against them. Prime One Partners et al. attempted to defeat summary judgment by offering their own expert witness, Michael Finnucci.
 
 
 2
 As the trial court noted, "Mr. Finnucci never once, however, identifies other similar existing prime banking programs or provides any testimony or attached any documents that would allow the Court to infer that the defendants' program actually existed." (E.R. p. 28.) Finnucci's declaration on its own is not sufficient to defeat the SEC's motion for summary judgment because it lacks a factual basis.
 
 
 3
 Prime One Partners et al. argue that some funds received from their investors should not be disgorged. They rely on the declaration of defendant Porter to support their contention that certain sums were improperly subject to disgorgement. The Commission and Porter virtually agree on the amount of these sums. Porter argues that these sums are not subject to disgorgement because 1) the investors "released" Prime One from returning these funds, 2) the money consisted of referral fees, or 3) the money was already returned. (E.R. 35.)
 
 
 4
 The first two "adjustments" are not recognized by law. Victims cannot "release" their assailants from returning ill gotten gains and whether the money was used for "referral fees" or not it would still be subject to disgorgement. See SEC v. Blavin, 760 F.2d 706 (6th Cir.1985). Of course, any money returned to investors would not be subject to disgorgement, however, there is no evidence other than Porter's declaration to support his contention that the disputed sum ($12,000) was in fact returned. The district court noted the absence of any concrete facts or documentary evidence to back up Porter's claim that the $12,000 was returned. (E.R. 35.) Given the lack of any specific evidence to support Porter's claim that the $12,000 was returned to the investors, summary judgment was appropriate.
 
 
 5
 The district court is AFFIRMED.